UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.    18-mj-03344-JG

UNITED STATES OF AMERICA

vs.

**Abdul Rahman Siddiqui,**

    **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   __x__ No

                                Respectfully submitted,

                                BENJAMIN G. GREENBERG
                                UNITED STATES ATTORNEY

        BY:     _____
                                KAREN E. GILBERT
                                ASSISTANT UNITED STATES ATTORNEY
                                Florida Bar No. 771007
                                99 N. E. 4th Street
                                Miami, Florida 33132-2111
                                TEL (305) 961-9161
                                FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Abdul Rahman Siddiqui<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 18 mj 03344-JG<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 4, 2018__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 49, United States Code, Section 46504. | The defendant, Abdul Rahman Siddiqui, while a passenger on an aircraft in the special aircraft jurisdiction of the United States, that is, while on American Airlines flight number 63, en route from Paris, France, to Miami, Florida, did intimidate flight attendants of said aircraft and thereby interfered with the performance of the duties of the flight attendants and lessened the ability of the flight attendants to perform those duties; in violation of Title 49, United States Code, Section 46504. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

GENA C. REZMER, FBI SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Sep 5 2018

_____
*Judge's signature*

City and state: __Miami, Florida__  JONATHAN GOODMAN, MAGISTRATE JUDGE
*Printed name and title*

## **AFFIDAVIT**

I, Gena C. Rezmer, being duly sworn, hereby depose and state the following:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), and have been so employed for over nine years. Since 2014, I have been assigned to the Miami International Airport ("MIA") Office of the FBI, where I investigate violations of federal law occurring within the airport environment and on board aircrafts.

2. The statements contained in this Affidavit are based upon my own personal knowledge, training, and experience, as well as information provided to me by other law enforcement officers and witnesses. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probably cause that, on or about September 4, 2018, while on board American Airlines flight 63, inbound from Paris Charles de Gaulle Airport, France, to Miami, Florida, Abdul Rahman Siddiqui ("SIDDIQUI"), by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interfered with the performance of the duties of the member or attendant and lessened the ability of the member or attendant to perform those duties, and attempted to do such an act, in violation of Title 49, United States Code, Section 46504.

## **BACKGROUND**

3. Title 49, United States Code, Section 46504 states, in pertinent part, "An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes

1

with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under Title 18, imprisoned for not more than 20 years, or both."

4. Title 49, United States Code, Section 46501 establishes the special aircraft jurisdiction of the United States. Specifically, Title 49, United States Code, Section 46501(2)(D)(i) defines special aircraft jurisdiction of the United States as including any aircraft in flight outside the United States that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States.

5. American Airlines flight 63 arrived in Miami, Florida, at approximately 5:39 p.m. Eastern Daylight Time on September 4, 2018, from Paris, France. SIDDIQUI was a passenger on American Airlines flight 63 ("AA 63"). Accordingly, at the time of this incident, AA 63 was in the special aircraft jurisdiction of the United States.

## PROBABLE CAUSE

### A. Statements of Flight Attendant N.R.

6. Lead Flight Pursor N.R., who was on board AA 63, was interviewed on September 4, 2018. According to N.R., at approximately 11:30 a.m. Eastern time, N.R. was seated in the front jump seat near the front left door (1L) of the aircraft. N.R. was talking with flight attendant, H.B., who was seated in the jump seat across from her. N.R. noticed H.B's expression change and looked behind her to see SIDDIQUI gripping the door handle and attempting to open door 1L of the aircraft. N.R. reached for SIDDIQUI, grabbed his arms, and physically removed his grip on the door. N.R. used her body weight to push SIDDIQUI away from the door, onto the unlocked bathroom door, partially

2

pushing him into the bathroom.

7. N.R. sent a message to the flight crew to place a crew member at every door and look for any suspicious behavior of any passengers during the flight. N.R. was concerned for the safety of the flight after having to physically stop SIDIQUI from attempting to open the aircraft door. N.R. went to the business section of the aircraft to locate an able-bodied passenger who would be willing to assist her if needed. N.R. located R.W. seated in 10L. R.W. was willing to help and told N.R. that he was an American Airlines employee and had served in the U.S. Military. R.W. moved to seat 1A, directly in front of SIDDIQUI to assist as needed during landing. As soon as R.W. sat down in 1A, SIDDIQUI popped up out of his seat. R.W. got up and stood over SIDDIQUI during landing, with the permission of the pilot, to prevent SIDDIQUI from leaving his seat.

8. N.R. indicated that SIDDIQUI interfered with the flight crews' ability to operate during the flight. First, N.R. had to physically-restrain SIDDIQUI from opening the door of the aircraft and depressurizing the airplane. N.R. had to push SIDDIQUI into the restroom to control him. N.R. and the flight crew had to modify service during the flight due to safety concerns from the actions of SIDDIQUI. N.R. served SIDDIQUI water in a plastic cup because she was concerned with what he might do with a glass. N.R. had to recruit an able-bodied passenger to assist her and her crew based on the actions taken by SIDDIQUI during flight. N.R. observed that SIDDIQUI was watching every move of her and her flight crew, apparently looking for an opportunity to gain access to the aircraft door.

3

### B. Statements of Passenger R.W.

9. R.W., a passenger on board AA 63, was interviewed on September 4, 2018. R.W. was an employee of American Airlines. However, R.W. was not serving in that capacity on this flight.

10. Approximately one hour prior to landing in Miami, R.W. was informed by flight attendant N.R. that SIDDIQUI had caused a disturbance on board the flight. SIDDIQUI had attempted to open the front left door (1L) while the plane was in flight. In an effort to ensure SIDDIQUI did not make any further attempts to disrupt the flight, N.R. requested R.W. move to seat 1A and sit near SIDDIQUI.

11. R.W. watched SIDDIQUI for the remainder of the flight. R.W. stated that SIDDIQUI acted irregularly and continually attempted to get out of his seat. When R.W. asked SIDDIQUI to get back in his seat SIDDIQUI stated that he was sitting even though he was clearly standing. R.W. stated that SIDDIQUI acted as though he could not hear what R.W. was saying. R.W. stated that five minutes prior to landing SIDDIQUI tried to get up three times. On the third attempt, R.W. was forced to tighten SIDDIQUI's seatbelt in order to keep him seated. During the landing, R.W. stated he was forced to stand near SIDDIQUI to ensure he did not make another attempt to get out of his seat. Upon landing, R.W. stated that SIDDIQUI remained seated until law enforcement officers arrived on the aircraft.

### C. Statements of Pilot J.S.

12. American Airlines pilot J.S., on board AA 63, was interviewed on September 4, 2018. J.S. was in the cockpit of the aircraft when he was informed that an incident

4

had occurred on the aircraft. Specifically, J.S. was notified that a passenger attempted to open one of the aircraft doors during flight. The passenger was identified as SIDDIQUI. As a result of the incident, J.S. contacted American Airlines dispatch and advised of the situation. J.S. stated that at that moment a diversion was considered, however, after evaluating the situation and obtaining the concurrence of the flight crew, a decision was made not to divert. The decision was made in part based on information that SIDDIQUI was being compliant.

13. J.S. stated that during his official break period, he left the cockpit and approached SIDDIQUI who was sitting in the first class section of the aircraft. J.S. asked SIDDIQUI why he attempted to open the door. SIDDIQUI initially explained that he had watched the evacuation video and saw that you could leave through the door he had attempted to open. SIDDIQUI then stated that he had a message". J.S. asked if anyone had sent him the message in an effort to determine if someone else was traveling with SIDDIQUI. J.S. stated that SIDDIQUI originally did not want to answer his questions. J.S. noted SIDDIQUI had an expression as if he was concealing information. Eventually, SIDDIQUI replied that he heard the message in his headphones. J.S. stated that he continued to attempt to engage SIDDIQUI in conversation in order to have him remain in his seat.

14. J.S. stated that he advised SIDDIQUI that if he needed to get up for any reason, to ring the call button or tap him on the shoulder. During the flight, J.S. stated that SIDDIQUI attempted to get up once again, and was asked to sit down. Later, SIDIQUI tapped J.S. on the shoulder and informed his that he needed to go to the

5

bathroom. J.S. accompanied SIDDIQUI to the bathroom, but when they reached the bathroom, SIDDIQUI informed J.S. that he really did not need to go to the bathroom, that he just wanted to stretch his legs. J.S. then returned SIDDIQUI to his seat. During the remainder of the flight, J.S. stated that SIDDIQUI attempted to get up every time he saw the cockpit door open, but was restricted by the passenger that was placed next to him by the flight crew. J.S. stated that at approximately 1650 hours local time (EST), a Level 1 Non-compliant alert was made after SIDDIQUI refused to sit down when instructed to do so during landing.

### D. Statements of SIDDIQUI

15. SIDDIQUI was interviewed on September 4, 2018. He was advised of his Miranda rights, and he waived them. SIDDIQUI on September 4, 2018. SIDDIQUI admitted that he was a passenger on board AA 63, and that he tried to open the aircraft door during flight. SIDDIQUI stated that it was a wild thought. He just walked toward it (the aircraft exit door), he thought about doing it, but thought it was a bad idea. SIDDIQUI admitted to putting his hands on the door. SIDDIQUI further admitted to trying to open the door twice.

16. SIDDIQUI stated that voices in his headphones told him to do it (open the door of the aircraft). Ultimately, SIDDIQUI recanted his statement about the voices telling him to open the door and admitted he lied about the voices.

## **CONCLUSION**

17. Based on the foregoing, I believe there is probable cause to find that ABDUL RAHMAN SIDDIQUI violated Title 49, United States Code, Section 46504, Interference with Flight Crew Members and Attendants.

_____
Gena C. Rezmer
Special Agent-FBI


Sworn and subscribed to before
me this ____ day of September, 2018.

_____
HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

7